IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :   CRIMINAL NO. CCB-08-0523 |
| | : |
| MICHAEL PRESTON TOLLEY | : |

...o0o...

**<u>MEMORANDUM</u>**

Now pending is the defendant's motion to suppress statements.   Following an evidentiary hearing on May 11, 2009, I denied the defendant's motion to suppress physical evidence but reserved as to certain issues concerning statements made by Michael Tolley on September 13, 2008 to ATF Agent Matthew Beccio, in the presence of Detective Sergeant Michael Rickwood. Having considered the supplemental briefing and the evidence presented at the hearing, I will now grant the motion to suppress statements for the reasons explained below.

Once an accused has "expressed his desire to deal with the police only through counsel, [he] is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police."  *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981). If the defendant makes an unequivocal and unambiguous assertion of his right to counsel, all further interrogation must stop. *See Davis v. U.S.*, 512 U.S. 452, 459-62 (1994); *U.S. v. Johnson*, 400 F.3d 187, 194-95 (4th Cir. 2005).

In this case, according to Mr. Tolley, in response to Agent Beccio advising him of his *Miranda* rights, he signed a card indicating he understood those rights and then told Agent Beccio "... I haven't had a chance to talk to my attorney yet, I would like one present."  (Hearing Tr., 60, May 11, 2009.)   Further, according to Mr. Tolley, when the agent asked if he wanted to proceed

without an attorney, Mr. Tolley said "no, I have one, I would like for him to be here." (*Id.* at 66.) When the agent explained "look, this is the only chance you're going to be able to talk to me. I'm not coming back and I'm not waiting around for a lawyer," Mr. Tolley then agreed to be interviewed. (*Id.* at 61).

  Mr. Tolley's testimony on this point was neither inherently incredible nor directly contradicted by the government's witnesses. Agent Beccio offered no testimony on this point. He explained that Mr. Tolley was advised of his rights and indicated he understood them prior to signing the advice of rights card; he also testified that no threats or promises were made, and that Mr. Tolley agreed to speak with him. (*Id.* at 45-46.) He was not asked and did not indicate whether there was any conversation concerning Mr. Tolley's interest in talking with his attorney. The advice of rights card did not contain any waiver of Mr. Tolley's rights. (Gov't. Supp. Resp., Ex. 7.) Finally, Det. Rickwood, who observed but did not take notes of the conversation, testified only that he did not "recall" or "remember" Mr. Tolley asking for an attorney.[1] (Hearing Tr., 69, May 11, 2009.)

---

[1] In contrast, when pressed by counsel as to whether Agent Beccio promised to make a recommendation to the Magistrate Judge if Mr. Tolley spoke to him, Det. Rickwood stated that "It did not occur." (Hearing Tr., 69, May 11, 2009.)

Finding that the preponderance of the evidence thus establishes that Mr. Tolley made an unequivocal assertion of his wish to have counsel present, which was not honored by the government's agent, I will grant the motion to suppress on that basis.[2]

   October 8, 2009                                              /s/
Date                                                            Catherine C. Blake
                                                                   United States District Judge

---

[2] I would deny the motion if it were based only on a violation of the prompt presentment rule. *See Corley v. United States,* 129 S.Ct. 1558 (2009).   Mr. Tolley was in state custody and had been presented to a state judicial officer prior to the time of the questioning, unlike the defendant in *Corley*.   *See id*. at 1565 (explaining that the defendant was not presented before a Magistrate Judge until 29 hours after his arrest).   Further, I denied during the hearing any claim that the statement was involuntary as a result of coercion or inducement.  (Hearing Tr., 92-93, May 11, 2009.)